IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alfred Donnie Martin, Jr., | ) C/A No.: 2:14-1970-TMC-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Pvt. Jones; Major Sharon Sutton; and Inmate Richard M. Kough, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Alfred Donnie Martin, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action against Defendants, seeking monetary damages and injunctive relief. Pursuant to 42 U.S.C. § 1983,[1] Plaintiff alleges that his constitutional rights were violated by Defendant Kough who assaulted Plaintiff causing serious permanent injury, and by Defendants Jones and Sutton, who failed to protect Plaintiff from being assaulted by Kough. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

issuance and service of process, because Plaintiff's claims are duplicative of claims in his previous lawsuit in this Court, <u>Martin v. Broad River Corr. Institution, et al.</u>, C/A No. 2:13-1510-TMC-BHH (D.S.C.), all of which were involuntarily dismissed *with prejudice*, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on November 19, 2013.[2]  <u>See</u> Order, <u>Martin v. Broad River Corr. Institution, et al.</u>, C/A No. 2:13-1510-TMC-BHH (D.S.C.), ECF No. 42.[3]  Thus, Plaintiff's claims in the instant Complaint are barred by the doctrine of <u>res judicata</u>.

## <u>PRO SE</u> AND <u>IN FORMA PAUPERIS</u> REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The <u>in forma pauperis</u> statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii) and (iii). As a <u>pro se</u> litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a <u>pro se</u> pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court

---

[2]  <u>See</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

[3]  Plaintiff's Motion for Reconsideration of this Order was denied, on January 17, 2014 (ECF No. 48) and this Court's judgment was affirmed by the United States Fourth Circuit Court of Appeals, on April 23, 2014.  <u>See</u> C/A No. 13-1510, ECF Nos. 63, 64.

can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that he is "permanently disabled for life because [Plaintiff] was allowed to be assaulted by inmate Richard M. Kough by Private Jones because Private Jones left the wing door open and the wing doors are supposed to be shut at all times. Also [Plaintiff] told Private Jones that inmate Kough threatened [Plaintiff's] life before and Private Jones still failed to lock the wing door. . . . Major Sutton also was responsible because she as major is head of security.  This is an 8th Amendment violation of cruel and unusual punishment."  Complaint, ECF No. 1, p. 3.  Plaintiff asks that the Court "first of all appoint [Plaintiff] counsel,"[4] and Plaintiff seeks "two and a half million dollars because [Plaintiff] was almost and could have been killed by what they allowed to happen."  Id. at 5.  Plaintiff also asks the Court to "freeze all Defendants' assets until this case is over."  Id.

---

[4]  Plaintiff has not filed a motion for appointment of counsel in this case.  In any event, the undersigned observes that there is no right to appointed counsel in § 1983 cases.  See Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases or in non-capital habeas corpus cases.  53 Comp. Gen. 638 (1974).  Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored.  While the district court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Plaintiff has not demonstrated that this case requires appointment of counsel and, after careful review of the pleadings, the undersigned has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor has Plaintiff been denied due process because an attorney has not been appointed.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984).

**DISCUSSION**

In <u>Martin v. Broad River Corr. Institution, et al.</u>, C/A No. 2:13-1510-TMC-BHH (D.S.C.), Plaintiff brought suit against the same Defendants named in the instant case, as well as Broad River Correctional Institution.  Plaintiff's Complaint, alleging the same facts and the same claims against the same parties who are involved in the instant case, was served upon Defendants Sutton and Jones.  The undersigned issued a Report and Recommendation ("R&R"), recommending that the Complaint be summarily dismissed as against Defendants Broad River Correctional Institution and Kough, because they were not amendable to § 1983 claims.  The R&R was adopted by United States District Judge Timothy M. Cain in his Order dated September 4, 2013.  Defendant Jones answered Plaintiff's Complaint and Defendant Sutton filed a Motion to Dismiss the Complaint for failure to state a claim.  The Court issued a "Roseboro Order" directing Plaintiff to respond to the Motion to Dismiss.  When Plaintiff did not respond to the Roseboro Order in the time specified, a second Order was issued extending the time for Plaintiff to respond and advising him that, if he failed to do so, his case would be subject to dismissal for failure to prosecute the case and failure to comply with an order of the Court, pursuant to Fed. R. Civ. P. 41(b) and the factors outlined in <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 920 (4th Cir.1982).  Plaintiff was specifically warned that such a dismissal would be considered an adjudication on the merits, <u>i.e.</u>, with prejudice.  <u>See</u> 20-Day Order re: Motion to Dismiss for Failure to State a Claim, C/A No. 13-1510, ECF No. 37.

When Plaintiff failed to respond to the 20-Day Order, the undersigned issued an R&R recommending that the case be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's Orders.  Plaintiff failed to object to the R&R or to

4

respond in any way.  As noted above, by Order dated November 19, 2013 (C/A No. 13-1510, ECF No. 42), the R&R was adopted and Plaintiff's case was dismissed, with prejudice, for failure to prosecute.  On December 30, 2014, Plaintiff filed a Motion for Reconsideration (C/A No. 13-1510, ECF No. 45), which was denied by Order dated January 17, 2014 (C/A No. 13-1510, ECF No. 48).  Plaintiff then filed a notice of appeal (C/A No. 13-1510, ECF No. 50), on January 27, 2014.  On April 23, 2014, the Fourth Circuit denied Plaintiff's motion for appointment of counsel and affirmed this Court's judgment.  See C/A No. 13-1510, ECF Nos. 63, 64.

Plaintiff's attempt in the instant case to pursue these same claims should be summarily dismissed, based on the doctrine of res judicata.  While res judicata is ordinarily an affirmative defense, a court may sua sponte apply the doctrine of res judicata in special circumstances, where "it has previously decided the issue presented" to avoid unnecessary judicial waste.  Georgia Pacific Consumer Products, LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. March 14, 2013) (quoting Arizona v. California, 530 U.S. 392, 410-12 (2000)); see also Erline Co. S.A v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) ("the affirmative defense of res judicata — which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided — may, in 'special circumstances,' be raised sua sponte.") (quoting Arizona, 530 U.S. at 412-13).[5]

---

[5]  In Arizona, the United States Supreme Court identified one such "special circumstance" as occurring when "a court is on notice that it has previously decided the issue presented" in another case and, by raising the issue on its own motion in a different case, thereby may avoid "unnecessary judicial waste."  FN11, 530 U.S. at 412 (citation omitted).

Res judicata bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. I.A.M. Nat'l. Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-947 (D.C.Cir. 1983). To establish res judicata as a bar to this litigation, the following three elements must be demonstrated: 1) identity of the parties or their privies in the two suits; 2) identity of the subject matter in both the earlier and the later suit; and 3) a final determination on the merits of the claim in the prior proceeding. Briggs v. Newberry County Sch. District, 838 F.Supp. 232, 235 (D.S.C. 1992), aff'd., 989 F.2d 491 (4th Cir. 1993); Andrews v. Daw, 201 F.3d, 521, 524 (4th Cir. 2000). The Defendants named in the instant case (Pvt. Jones, Major Sharon Sutton, and Inmate Richard M. Kough) are the same Defendants who were named in Plaintiff's previous lawsuit. Cf. Bells v. Ozmint, No. 06-2266, 2007 WL 1862668, at * 2, and n. 2 (D.S.C. Jun. 6, 2007). The subject matter is the same. The allegations contained in the instant Complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in his prior case. There was a final judgment on the merits in Plaintiff's prior suit, which was dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders. Rule 41 of the Federal Rules of Civil Procedure provides, as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Consequently, the Rule 41(b) dismissal of Plaintiff's previous case operates as a binding adjudication on the merits. See, e.g., Payne v. Brake, 337

F.Supp.2d 800 (W.D.Va.,2004); <u>Kimmel v. Texas Commerce Bank</u>, 817 F.2d 39, 40-41 (7th Cir.1987); <u>Blaszczak v. City of Palos Hills</u>, 123 Ill. App.3d 699, 463 N.E.2d 762, 764 (1984).  <u>See</u> <u>also</u> <u>Shoup v. Bell & Howell Co.</u>, 872 F.2d 1178, 1180 (4th Cir.1989) ("The plain language of [Rule 41(b) ] indicates that the dismissal of plaintiffs' . . . action on statute of limitations grounds is an adjudication on the merits.").  In <u>Shoup</u>, the Fourth Circuit recognized that a court is not mandated to dismiss a plaintiff's claim with prejudice under Rule 41(b) and can instead specify that the claim will be dismissed without prejudice. <u>Shoup</u>, 872 F.2d at 1180 ("The federal court . . . did not otherwise specify the dismissal to be 'without prejudice,' . . . "); <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 497 (2001) ("Neither is claim-preclusive effect demanded by Rule 41(b) — which provides that, unless the court 'otherwise specifies,' an involuntary dismissal . . . 'operates as an adjudication upon the merits.' ").  Pursuant to Fed. R. Civ. P. 41(b), if a court finds good reason to do so, it can choose to dismiss a claim without prejudice.  In <u>Martin v. Broad River Corr. Institution, et al.</u>, C/A No. 2:13-1510-TMC-BHH (D.S.C.), it clearly appears that this Court found good reason to dismiss Plaintiff's claims, with prejudice, under Rule 41(b).

The judgment in Plaintiff's previous case is binding in the case at bar, and the Court is not required to relitigate these issues.  <u>See</u> <u>Aloe Creme Laboratories, Inc.</u>, 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").  Therefore, Plaintiff's Complaint should be summarily dismissed.  Furthermore, the doctrine of <u>res judicata</u> not only "bar[s] claims that were raised and fully litigated," but also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."

7

Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989) (internal quotation marks and citation omitted).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

May 21, 2014                                    s/Bruce Howe Hendricks
Charleston, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).